UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| BRUCE GALES, | ) | |
|---|---|---|
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV333 JCH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Bruce Gales' Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), filed February 27, 2009. (Doc. No. 1). The matter is fully briefed and ready for disposition.

## BACKGROUND

On September 28, 2006, a federal grand jury returned a five-count indictment against Movant Bruce Gales ("Movant") and co-defendants Robert Wood, III ("Wood"), Mark Bonds, Mario Lucas, Christopher L. Jones, and Christopher M. Cornell ("Cornell"). (Cause No. 4:06CR594 JCH, Doc. No. 1). Count One of the indictment charged all defendants with conspiracy to distribute in excess of five kilograms of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846, and punishable under 21 U.S.C. § 841(b)(1)(A)(ii). Count Two charged Movant and Cornell with attempting to possess with the intent to distribute a quantity in excess of five kilograms of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2. Count Three charged Movant and Cornell with use of a communication device to facilitate a felony, in violation of 21 U.S.C. § 843(b), and 18 U.S.C.

§ 2. Count Four charged Movant and Wood with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). Count Five of the indictment was a forfeiture count.

On May 11, 2007, Movant pled guilty to Counts One, Four and Five of the indictment. (Cause No. 4:06CR594 JCH, Doc. Nos. 129, 130). Movant was represented by Ms. Vanessa Antoniou. On September 11, 2007, Mr. Charles Kirksey entered his appearance on Movant's behalf, and Ms. Antoniou was granted leave to withdraw. (Id., Doc. No. 159). Mr. Kirksey filed a motion for downward departure and objections to the presentence report on September 28, 2007. (Doc. No. 163). On October 5, 2007, the Court sentenced Movant to one hundred twenty months imprisonment on Counts One and Four, such terms to be served concurrently, and five years supervised release. (Id., Doc. No. 182).[1] On March 10, 2008, the Eighth Circuit Court of Appeals granted the Government's motion to dismiss Movant's appeal. (Id., Doc. No. 211).

As stated above, Movant filed the instant § 2255 Motion on February 27, 2009. As the Court construes his motion, Movant makes the following claims for relief:

(1)     That Movant received ineffective assistance of counsel, in that plea counsel failed to negotiate a plea to an offense that carried a mandatory minimum sentence of five years, as opposed to ten years, and failed to alert the Court that a lesser base offense level was appropriate;

(2)     That Movant received ineffective assistance of counsel, in that sentencing counsel allowed the Court to impose its sentence based on a miscalculation of Movant's criminal history category;

(3)     That Movant received ineffective assistance of counsel, in that sentencing counsel failed to object to the involuntary nature of Movant's plea, in light of the dismissal of Count Five of the indictment during sentencing;

(4)     That Movant's rights under the Equal Protection Clause were violated, in that he received a more severe sentence than two similarly situated co-defendants;

---

[1] At sentencing, the parties agreed there were no specific forfeiture proceedings against Movant. (Cause No. 4:06CR594 JCH, Doc. No. 205, PP. 19-20).

(5) That Movant received ineffective assistance of counsel, in that plea counsel allowed him to plead guilty to a conspiracy that legally could not have been committed; and

(6) That Movant's plea was involuntary and unknowing, as Title 21 U.S.C. § 846 is unconstitutional on its face.

(Movant's Pro Se Memorandum Attachment Supporting Motion to Vacate, Set Aside, or Correct Sentence ("Movant's Memo in Support"), PP. 3-12).

## **STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[2]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if

---

[2] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (citation omitted).

**I.    Grounds 1, 2, 5**

As stated above, in Ground 1of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that plea counsel failed to negotiate a plea to an offense that carried a mandatory minimum sentence of five years, as opposed to ten years, and failed to alert the Court that a lesser base offense level was appropriate. In Ground 2, Movant asserts he received ineffective assistance of counsel, in that sentencing counsel allowed the Court to impose its sentence based on a miscalculation of Movant's criminal history category. In Ground 5, Movant asserts he received ineffective assistance of counsel, in that plea counsel allowed him to plead guilty to a conspiracy that legally could not have been committed.

In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a guilty plea, to demonstrate prejudice Movant must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial.

Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Upon consideration, the Court finds that with these claims, Movant fails to satisfy either prong of the Strickland test.

A. **Deficient Performance**

1. **Ground 1**

As stated above, in Ground 1 of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that plea counsel failed to negotiate a plea to an offense that carried a mandatory minimum sentence of five years, as opposed to ten years, and failed to alert the Court that a lesser base offense level was appropriate. In support of this claim, Movant asserts that although the evidence possessed by the Government reflected the overall conspiracy may have involved more than five kilograms of a substance containing cocaine, his individual conduct in furtherance of the conspiracy did not involve five kilograms. (Movant's Memo in Support, PP. 3-5). This assertion runs contrary to the stipulation of facts relevant to sentencing contained in the plea agreement, however. (See, e.g., Cause No. 4:06CR594 JCH, Doc. No. 130, PP. 10-12 ("As part of the cocaine distribution conspiracy, on August 18, 2005, co-defendant Bobby Wood, Defendant Bruce Gales and co-defendant Hillsdale Police Sergeant Christopher Cornell orchestrated a traffic stop of a vehicle that contained approximately 15 kilograms of cocaine. The driver of the vehicle was arrested and taken to the Hillsdale Police Department while Gales towed the vehicle from the roadside using a tow truck owned by Bruce Gales....Wood also paid Bruce Gales $30,000.00 for his assistance in towing the transport vehicle from the scene of the traffic stop....As to Count I, the defendant and the government agree that the facts set forth above are true....")).[3] Other than the conclusory statements in his motion, Movant offers absolutely no evidence tending to contradict his sworn stipulation. Thus, given

---

[3] During his change of plea hearing, Movant testified under oath that he agreed with everything contained in the plea agreement. (Change of Plea Hearing Transcript, P. 5).

Movant's own concessions with respect to the quantity of cocaine involved, the Court finds Ms. Antoniou's performance fell well within the wide range of professionally competent assistance sanctioned by Strickland. Ground 1 must therefore be denied on this basis.

### 2. Ground 2

As stated above, in Ground 2 of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that sentencing counsel allowed the Court to impose its sentence based on a miscalculation of Movant's criminal history category. The Court's review of the record reveals Mr. Kirksey objected to the calculation of Movant's criminal history on several bases, through his motion for a downward departure at sentencing and objections to the presentence investigation report. (Cause No. 4:06CR594 JCH, Doc. No. 163). Upon consideration, the Court finds Mr. Kirksey provided adequate assistance in this regard, and so with Ground 2 Movant fails to establish deficient performance.

### 3. Ground 5

Finally, in Ground 5 Movant asserts he received ineffective assistance of counsel, in that plea counsel allowed him to plead guilty to a conspiracy that legally could not have been committed. In other words, Movant maintains that because the conspiracy alleged in Count I was originated by the Government, utilizing a known confidential informant to entice Movant to participate, the conspiracy itself was unconstitutional and thus incapable of providing the basis for Movant's conviction.

In its response, the Government asserts Movant's co-defendant Wood was not acting as a confidential informant at the time the events underlying Movant's conspiracy conviction occurred. (See Government's Response to [Movant's] Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, PP. 12-13). In support of this contention, Respondent points to the facts as stipulated by the parties in Movant's plea agreement. (Id.). Movant offers no evidence to

rebut the Government's assertion, and under these circumstances the Court cannot find Ms. Antoniou's efforts in allowing Movant to plead guilty to the conspiracy charge fell outside the wide range of professionally competent assistance sanctioned by Strickland. Ground 5 must therefore be denied on this basis.

**B.     Prejudice**

As further support for its ruling, the Court holds that with Grounds 1, 2, and 5, Movant fails to demonstrate the requisite prejudice as well; in other words, he fails to establish that absent his counsel's alleged errors he would have insisted on proceeding to trial. Rather, during the guilty plea proceeding the District Court questioned Movant extensively regarding his decision to plead guilty, as follows:

> THE COURT:        Now do you understand that you are under oath and if you would answer any of my questions falsely, you might later be prosecuted for making a false statement or for perjury?
>
> THE DEFENDANT: Yes, Ma'am....
>
> THE COURT:        Mr. Gales, have you received a copy of the indictment or the charges against you?
>
> THE DEFENDANT: Yes, I have.
>
> THE COURT:        And have you had an opportunity to review and discuss those charges with your attorney?
>
> THE DEFENDANT: Yes, Ma'am.
>
> THE COURT:        Do you have any question about the charges themselves?
>
> THE DEFENDANT: No, Ma'am....
>
> THE COURT:        I have received a document here entitled "Plea Agreement, Guidelines, Recommendations, and Stipulations." This is an 18-page document, and I have the original in front of me. Do you have a copy there in front of you, Mr. Gales?
>
> THE DEFENDANT: Yes, Ma'am.

| | |
|---|---|
| THE COURT: | Turning to Page 18, which is the last page, is that your signature, the middle signature on Page 18? |
| THE DEFENDANT: | Yes, Ma'am. |
| THE COURT: | And did you sign that this morning? |
| THE DEFENDANT: | Yes, I did.... |
| THE COURT: | Now, Mr. Gales, have you had a chance to review and discuss the provisions of this agreement with your attorney? |
| THE DEFENDANT: | Yes, Ma'am. |
| THE COURT: | Are you in agreement with everything contained in this document? |
| THE DEFENDANT: | Yes, Ma'am. |
| THE COURT: | Is there anything in this document with which you disagree? |
| THE DEFENDANT: | No, Ma'am. |
| THE COURT: | Do you have any questions about any provision of this document? |
| THE DEFENDANT: | No, Ma'am. |
| THE COURT: | Has anyone made any promises or assurances to you other than what's contained in this document in order to cause you to plead guilty today? |
| THE DEFENDANT: | No, Ma'am. |
| THE COURT: | Has anyone tried to force or coerce you into pleading guilty? |
| THE DEFENDANT: | No, Ma'am. |
| THE COURT: | Are you doing this of your own free will? |
| THE DEFENDANT: | Yes, Ma'am.... |

(Change of Plea Hearing Transcript, PP. 2-5). The Court further questioned Movant regarding his understanding of the possible penalties associated with his plea of guilty, as follows:

| THE COURT: | Now, Mr. Gales, do you understand that the maximum possible penalty under law for the crime charged in Count I is imprisonment of not more than life, a fine of not more than four million dollars or both imprisonment and a fine? |
|---|---|
| THE DEFENDANT: | Yes, Ma'am. |
| THE COURT: | And do you understand that under that Count, there is also a period of supervised release following any imprisonment of not less than five years? |
| THE DEFENDANT: | Yes, Ma'am. |
| THE COURT: | And do you understand that this Count carries with it a mandatory minimum term of imprisonment of ten years? |
| THE DEFENDANT: | Yes, Ma'am. |
| THE COURT: | And do you also understand that the maximum possible penalty under law for the crime in Count IV is imprisonment of not more than 20 years, a fine of not more than $500,000 or both imprisonment and a fine? |
| THE DEFENDANT: | Yes, Ma'am. |
| THE COURT: | And do you understand that the Court will impose up to a three-year period of supervised release following any imprisonment on that Count? |
| THE DEFENDANT: | Yes, Ma'am. |

(Id., PP. 6-7). Mr. John Davis[4] then stated the relevant facts in Movant's case, and Movant testified under oath that he agreed with everything Mr. Davis had stated, and that he had committed the acts as described by Mr. Davis and in the stipulation. (Id., PP. 10-14). When asked how he intended to plead to Counts I, IV and V of the indictment, Movant stated guilty. (Id., P. 14). Finally, the Court questioned Movant with respect to his satisfaction with counsel, as follows:

| THE COURT: | Are you satisfied with the representation that you have received from Ms. Antoniou? |
|---|---|

---

[4] John Davis was the Assistant United States Attorney assigned to Movant's case.

> THE DEFENDANT: Yes, Ma'am.
>
> THE COURT: And do you have any complaints whatsoever about her representation of you?
>
> THE DEFENDANT: No, ma'am.

(Id., P. 4). Based on Movant's representations during his change of plea proceeding, the Court held as follows:

> THE COURT: It is the finding of the Court in the case of the United States vs. Gales that the Defendant is fully competent and capable of entering an informed plea; that the Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea, supported by an independent basis in fact containing each of the essential elements of the offense, the offenses in Counts I, IV and V. The plea to those Counts is accepted, and the Defendant is now adjudged guilty of those offenses....

(Id., PP. 14-15).

The Eighth Circuit has held that, "[s]olemn declarations in open court carry a strong presumption of verity." Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990) (internal quotations and citation omitted). This Court thus finds that Movant's own testimony demonstrates he committed the offenses at issue, voluntarily pled guilty with full knowledge of the potential penalties associated with the offenses, and received effective assistance of counsel. Id. Grounds 1, 2, and 5 of Movant's § 2255 Motion will therefore be denied.

**II.     Ground 3**

In Ground 3 of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that sentencing counsel failed to object to the involuntary nature of Movant's plea, in light

of the dismissal of Count Five of the indictment during sentencing. Specifically, Movant asserts as follows[5]:

> It is Movant contention that when the Court dismissed count 5, after having accepting the parties' stipulation a written in the plea agreement, the court action underlined a fundamental defect in the plead proceeding which undermined the "knowingly and intentionally" standard required for the voluntariness of a plea and therefore, counsel was ineffective when he failed to ask this court to vacate the plea as involuntary and to allow him to plea anew, cause count 5 was used as part of the "whole" consideration to acquire the plea. and that part of the consideration (count V) was not legal available to the government, then the plea was involuntary and must be vacate to allow movant to plea anew.

(Movant's Memo in Support, PP. 9-10).

As noted above, in order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland, 466 U.S. at 687. In light of his guilty plea, to demonstrate prejudice Movant must show that, but for counsel's alleged error, he would not have pled guilty, but would have insisted on going to trial. Hill, 474 U.S. at 59.

Upon consideration, the Court finds that with this claim Movant fails to demonstrate the requisite prejudice. Specifically, the Court notes that as relief for Ground 3 Movant requests that his plea be vacated, in order to allow him to plead anew. (Movant's Memo in Support, PP. 9-10). In light of this request, Movant clearly does not claim that absent counsel's allegedly unprofessional error, he would have insisted on proceeding to trial. Movant further offers absolutely no evidence that his sentence would have been different, had he been permitted to plead again following the dismissal of Count V. Ground 3 of Movant's § 2255 Motion must therefore be denied.

**III.     Ground 4**

---

[5] The Court has corrected neither grammatical nor spelling errors in Movant's submission.

As stated above, in Ground 4 of his § 2255 motion Movant asserts his rights under the Equal Protection Clause were violated, in that he received a more severe sentence than two similarly situated co-defendants. Specifically, Movant asserts that, "Movant' sentence was detrimentally harshest than the sentence imposed on named defendant Mark Bonds whom received 51 months, and named defendant Christopher M. Cornell whom received a sentence of 48 months." (Movant's Memo in Support, P. 10).

Upon consideration, the Court holds neither Mr. Bonds nor Mr. Cornell was similarly situated to Movant. With respect to Mr. Bonds, the Court notes the parties stipulated as to his involvement in a conspiracy to distribute in excess of 500 grams of a mixture or substance containing cocaine, a lesser included offense of Count I. (Cause No. 4:06CR594 JCH, Doc. No. 124). With respect to Mr. Cornell, the Court notes he pled guilty only to use of a communication facility with the intent to facilitate the commission of the offense of distribution of a controlled substance; the conspiracy charge in Count I was dismissed by the Government. (Id., Doc. No. 127). As noted above, Movant pled guilty to both conspiracy to distribute in excess of 5 kilograms of a mixture or substance containing a detectable amount of cocaine, and conspiracy to launder money. Under these circumstances, the Court finds neither co-defendant was similarly situated to Movant, and so Ground 4 of Movant's § 2255 Motion must be denied.

**IV.** **Ground 6**

Finally, in Ground 6 of his § 2255 Motion Movant asserts his plea was involuntary and unknowing, as Title 21 U.S.C. § 846 is unconstitutional on its face. Established case law requires the Court to deny this claim. See, e.g., United States v. Shabani, 513 U.S. 10, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994).

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED,** and Movant's claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997), <u>cert. denied</u>, 525 U.S. 834 (1998).

Dated this 10th day of August, 2011.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE